NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANGEL M. QUINATOA CANDO, | |
| Petitioner, | Case No. 2:26-cv-06937 (BRM) |
| v. | |
| LUIS SOTO, *et al.*, | **OPINION** |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Angel M. Quinatoa Cando's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer. (ECF No. 6.) Also before the Court is Petitioner's Motion to Enforce. (ECF No. 7.) Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, the Petition is **DENIED**.

**I.    BACKGROUND**

Petitioner, a citizen of Ecuador, unlawfully entered the United States on or about June 6, 2023, without inspection. (ECF No. 1 at 14.) On or about June 29, 2023, border patrol agents apprehended Petitioner, and removal proceedings were initiated against him. (ECF No. 6 at 2.) On July 17, 2023, Petitioner was issued a Notice to Appear. (*Id.*) On July 1, 2024, Petitioner applied for asylum, which was subsequently denied. (*Id.*)

Petitioner failed to complete several self-report check-ins in 2025 and failed to present for a scheduled home visit in 2026. (ECF No. 6-3 at 2–3.) On January 26, 2026, an Immigration Judge ("IJ") ordered Petitioner removed. (*Id.* at 3.) Petitioner has an administratively final order of removal. On April 14, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner. (*Id.*)

On June 1, 2026, Petitioner filed this Petition arguing his detention under 8 U.S.C. § 1225(b) violates due process. (*See generally* ECF No. 1.) On June 15, 2026, the Court issued a Text Order finding Petitioner could not lawfully be detained under 8 U.S.C. § 1225(b) and ordering his release from custody. (*See* ECF No. 3.) Alternatively, Respondents were permitted to file an expedited answer if they contended this matter was factually distinguishable from other § 1225(b) cases handled by the Court. (*See id.*) On June 18, 2026, Respondents filed a response submitting this matter is distinguishable because Petitioner is subject to a final order of removal and lawfully detained under 8 U.S.C. § 1231. (ECF No. 6.) On June 24, 2026, Petitioner filed a Motion to Enforce the Court's Text Order releasing him.[1] (ECF No. 7.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's

---

[1] The Court's June 15, 2026 Text Order allowed Respondents to file an expedited answer if this matter was factually distinguishable from the other § 1225(b) cases handled by this Court. As Respondents have filed an expedited answer and this matter is factually distinguishable, they have not violated the Court's Text Order. As such, Petitioner's Motion to Enforce will be denied.

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

**III.    DECISION**

In his Petition, Petitioner argues his detention violates due process. (ECF No. 1.) In response, Respondents submit Petitioner is detained under 8 U.S.C. § 1231(a) pursuant to a final order of removal. (*See generally* ECF No. 6.) In reply, Petitioner argues his removal is not likely. (*See* ECF No. 7.)

Petitioner has had a final order of removal under 8 U.S.C. § 1231(a) since February 25, 2026, when the IJ's January 25, 2026 order of removal became administratively final. Section 1231 states in relevant part "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted) (citing 8 U.S.C. § 1231(a)(2))).

The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

> > (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded May 25, 2026, 90 days after his order of removal became administratively final on February 25, 2026. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from February 25, 2026—falls short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, Civ. A. No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026). Although Petitioner argues he cannot be removed to Honduras, Petitioner does not show Respondents will not be able to effectuate his removal from the United States.

4

**IV.    CONCLUSION**

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**.

Petitioner's Motion to Enforce (ECF No. 7) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 8, 2026

5